IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAYSON BARBER <br> 2759 Amoy Ganges Road <br> Mansfield, Ohio 44903 <br><br> and <br><br> JACQUELINE BARBER <br> 2759 Amoy Ganges Road <br> Manfield, Ohio 44903 <br><br>  Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> Office of the United States Attorney <br> 801 West Superior Avenue, Suite 400 <br> Cleveland, Ohio 44113-1852 <br><br>  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.: <br><br> JUDGE: <br><br> **COMPLAINT** |

Now come Plaintiffs, by and through their attorney, and for their Complaint states as follows:

INTRODUCTION

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for negligence and personal injury in connection with a workplace accident involving a United States Postal worker and Plaintiff Jayson Barber that took place on March 23, 2021.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

3. Plaintiffs Jayson Barber and Jacqueline Barber have fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. *Standard Form 95 attached as Exhibit A*.

4. This suit has been timely filed, in that Plaintiffs Jayson Barber and Jacqueline Barber timely served notice of their claim on the United States Postal Service, Tort Claims Investigation division less than two years after the incident forming the basis of this suit, on or about March 9, 2023[1].

5. Plaintiff Barber is now filing this Complaint pursuant to 28 U.S.C. §2675(a). The United States Postal Service has failed to act or make a final disposition of the claim for more than six months after it was filed.

PARTIES

6. Plaintiff Jayson Barber is and was, at all times relevant hereto, a resident of the State of Ohio.

7. Plaintiff Jacqueline Barber is and was, at all times relevant hereto, a resident of the State of Ohio and the spouse of Plaintiff Jayson Barber.

---

[1] The cover letter and Box 6 on Form 95 incorrectly identifies the date of the accident as 03/22/2021, The Narrative in support identifies the proper date of the incident as March 23, 2021, as reflected in the records supporting the claim.

8. Defendant United States of America, through its agency the United States Postal Service, operates a postal facility located at 2400 Orange Avenue, Cleveland, Ohio 44101 located within the jurisdiction of this Court.

9. Defendant United States of America, including the directors, officers, operators, administrators, employees, agents, and staff at the United States Postal facility identified above are hereinafter collectively referred to as the "Orange Avenue facility."

10. At all times relevant to this Complaint, the directors, officers, operators, administrators, supervisors, employees, agents, and staff of the United States Postal Service were employed by and/or acting on behalf of the Defendant. Furthermore, the Defendant is responsible for the negligent acts and/or omissions of their employees and agents under the doctrine of *respondeat superior*.

## JURISDICTION AND VENUE

11. Jurisdiction is proper under 28 U.S.C. §1346(b)(1).

12. Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of, the acts and omissions forming the basis of these claims occurred in Cleveland, Ohio within the Northern District of Ohio.

## FACTUAL ALLEGATIONS

13. On or about March 23, 2021, Plaintiff Jayson Barber was driving a truck for Thurman Trucking that was carrying mail to the Orange Avenue postal facility.

14. At said time and place, a Post Office supervisor was on a forklift on the dock preparing to compress the load in the back of Plaintiff's trailer while Plaintiff was standing on the loading ramp waiting for the task to be completed.

3

15. The Post Office supervisor recklessly, carelessly, and negligently backed the forklift into a metal cage, which crushed Plaintiff between the metal cage and a concrete wall.

16. Plaintiff immediately notified Defendant of the incident at the Orange Avenue facility, but no report was created. He later made a formal report to the Postal Service Health and Safety Department when he reached his destination in Mansfield, Ohio.

17. Immediately after being impacted by the forklift, Plaintiff suffered pain in his abdomen, groin, and lower back.

18. As a direct and proximately result of the subject incident, Plaintiff suffered permanent, severe, and disabling injuries, including to his lumbar spine.

19. As a direct and proximate result of the subject incident, Plaintiff suffered from permanent mental anguish and emotional distress.

20. Plaintiff has required ongoing medical and hospital treatment related to the subject incident.

21. Plaintiff suffered both past and future lost wages as a result of the subject incident. His ability to work and his earning capacity has been permanently impaired.

FIRST CAUSE OF ACTION
NEGLGIENCE

22. Plaintiffs reallege and incorporate herein by reference the allegations contained in Paragraphs 1 through 21 as if fully rewritten herein.

23. At the time of the incident described herein, Defendant was negligent in one or more of the following respects:

    a. Failing to control the movement and direction of the forklift;

    b. Failure to assign sufficient employees to complete required tasks;

    c. Failure to properly train its employees;

    d. Failure to provide proper warnings and instructions;

    e. Allowing an employee and/or supervisor to operate a forklift who is not properly trained or certified;

    f. Violating policies, procedures, and/or established rules regarding operation of the forklift;

    g. Failure to provide a reasonably safe place to work.

24. As a direct and proximate result of the Defendant's negligence, Plaintiff Jayson Barber sustained severed and debilitating injuries causing pain, suffering, and mental anguish which will, with reasonable certainty, continue in the future and be permanent.

25. As a direct and proximate result of the Defendant's negligence, Plaintiff's injuries require ongoing medical care and treatment for which he incurred hospital and medical expenses and will, with reasonable certainty, require such treatment and incur such expenses in the future.

26. As a direct and proximate result of the Defendant's negligence, Plaintiff suffered, and will with reasonable certainty continue to suffer, a loss of wages and earning capacity that will continue in the future and be permanent.

27. As a direct and proximate result of the Defendant's negligence, Plaintiff Jayson Barber has been unable to perform the usual functions that give him pleasure and will, with reasonable certainty, be unable to perform these functions into the foreseeable future.

5

## SECOND CAUSE OF ACTION
## LOSS OF CONSORTIUM

28. Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 27 of this Complaint as if fully rewritten herein.

29. At all times material herein, Plaintiff Jacqueline Barber is and was the wife of Plaintiff Jayson Barber.

30. As a direct and proximate result of the Defendant's negligence, Plaintiff Jacqueline Barber lost the services, comfort, companionship, and consortium of her husband and will, with reasonable certainty, incur further such loss in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Jayson Barber and Jacqueline Barber demand judgment against the Defendant as follows:

1) Past and future medical expenses; past and future lost wages and earning capacity; past and future pain and suffering; past and future impairment, disability, loss of enjoyment of life, and loss of consortium in the amount of Five Million Dollars ($5,000,000); and

2) Costs and attorney fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

Respectfully submitted,


*/s/ Andrew J. Thompson*
Andrew J. Thompson (0071530)
Neal E. Shapero (0009426)
SHAPERO | ROLOFF CO., L.P.A.
1111 Superior Avenue East, Suite 1310
Cleveland, Ohio 44114
T: (216) 781-1700
F: (216) 781-1972
athompson@shaperoroloff.com
nshapero@shaperoroloff.com

*Attorneys for Plaintiffs*