# CLAIM FOR DAMAGE, INJURY, OR DEATH

INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| United States Postal Service<br>Tort Claims Investigation<br>2200 Orange Ave., Room 212<br>Cleveland, Ohio 44101-9331 | Jayson Barber, 2759 Amoy Ganges Road, Mansfield, OH 44903<br>Andrew J. Thompson, Esq. 1111 Superior Avenue East, Suite 1310 Cleveland, OH 44114 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 06/29/1974 | Married | 03/22/2021 | |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Claimant suffered severe and permanent injury when a supervisor operating a forklift at the Orange Avenue postal facility in Cleveland struck him with the forklift and crushed him into a cage and the steel bars that held the cage. The incident caused him crush injuries to his groin, stomach, and back, and caused injuries to his back and spine. For additional information, see attached narrative.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See attached narrative. Injuries include, but are not limited to, crush injuries to his groin, stomach, and back, and debilitating injuries to his back and spine. Claimant also suffers from emotional distress and depression related to the incident.

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| See attached narrative | |

**12.** (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| 0.00 | 5,000,000 | 0.00 | 5,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Jayson Barber* | (606) 548-0123 | 03/06/2023 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident Insurance?** ☐ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☐ No

N/A

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?** ☐ Yes  ☐ No  | **17. If deductible, state amount.**

N/A

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?** (It is necessary that you ascertain these facts).

N/A

**19. Do you carry public liability and property damage insurance?** ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☐ No

N/A

### INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

*Complete all items - Insert the word NONE where applicable.*

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

### PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

Jayson Barber – SF 95 Narrative

     The claimant suffered severe and permanent injury while working for Thurman Trucking at the Orange Avenue U.S. Postal facility in Cleveland, Ohio on March 23, 2021. On the date of the incident, claimant was driving a truck that was carrying mail to the facility. A postal service employee was operating a forklift to unload claimant's truck and backed the forklift into claimant, who was standing on the side of the loading ramp near a metal cage waiting for the task to be finished. Claimant was crushed into the cage and a concrete wall. Claimant reported the incident to the USPS Health and Safety Department when he reached his destination.

     This incident was solely the result of the negligence of the U.S. Postal Service in its careless operation of the forklift, its failure to properly train its employees, failure to provide claimant with warning or instructions, and failure to provide him a safe place to work. Upon information and belief, the driver of the forklift, N. Holmes, was a supervisor and was violating the facility rules and union contract by operating the forklift. He was not certified at the time to operate a forklift but was doing so because he was rushing to get claimant's truck unloaded as soon as possible and did not want to wait for an employee certified on the forklift to be available. The USPS had sole responsibility and control over the subject forklift and the process of unloading the mail from claimant's truck.

     Immediately after the incident, claimant felt pain in his groin and abdomen. He vomited multiple times on his trip to his next destination. After delivering his load, he went to an emergency room in Mansfield, Ohio where he was diagnosed with crush injuries to his groin, stomach, and back. He was urinating blood for several days after the incident. He also developed pain in his lower back and had radiating pain and numbness in his lower extremities. He was diagnosed with bulging discs from L1-L5. He has had ongoing physical therapy and chiropractic treatment for his lower back injury. He sought a consult with an orthopedic specialist, but as of the date of this filing his request for additional treatment has not been approved by Workers' Compensation. Claimant has additionally sought treatment with a psychiatrist for depression related to the subject incident. His emotional distress is triggered by his chronic pain, financial difficulties, and martial issues stemming from the subject incident.

     Claimant has been restricted from returning to work since the incident due to ongoing pain and dysfunction in his lower back. He has constant low back pain with occasional severe shooting pain. He continues to suffer with numbness radiating in his lower extremities, which poses a safety hazard for driving a truck. Claimant has difficulty with strenuous physical activities and needs assistance from his wife with activities of daily living, including but not limited to bathing and putting on socks and shoes. The pain and numbness cause him to have an abnormal gait and he has difficulty walking any distance. The incident and subsequent injuries have caused claimant to gain approximately 30 pounds. His emotional distress, constant pain and need for assistance has resulted in significant marital stress. Claimant's quality of life has been severely compromised. His treating medical providers have advised him that his pain and limitations are likely permanent.

Jayson Barber – SF 95 Narrative

      Prior to this incident Claimant enjoyed life and was able to work without any restrictions. About twenty years prior to the incident, claimant had an episode of back pain related to a workplace injury, He had a sprain/strain and went through a course of physical therapy. He had no residual effects from that incident. In December 2021 claimant was involved in a vehicle accident while operating his truck. He went to the emergency room with a bump on his head and neck strain. He received some chiropractic treatment for these injuries. Claimant was not being treated for his lower back, nor was he having any lumbar symptoms when this incident occurred. Now, almost two years later, he continues to suffer.

      At the time of the incident, claimant was earning about $60,000 per year and but for his injuries he would still have the opportunity to make at least that amount. He has been off work since the date of the incident in March 2021.

      Claimant filed a claim with the Bureau of Workers' Compensation related to the subject incident. As of October 2022, the total amount paid to date for medical care is $7,605.95 and the amount paid in wages is $0.00.

      Witnesses to this claim include the Claimant; his wife Jacqueline Barber; N. Holmes, the USPS employee who was operating the forklift; Larry Holmes, the USPS representative to which claimant reported the incident; and all of Claimant's medical providers. His treating providers include the following:

1.     Balraj Dahiya, MD
   Westside Emergency Group, LLC

2.     Holli Pfeifer, CNP

3.     Jeffrey Zaika, DC
   Brian Ballitch, DC
   Sazdanoff Chiropractic Clinic

4.     Thomas P. Yankush, DC

5.     Kirk L. Schoenman, DC

6.     Jeffrey Elwert, DC
   Pain Specialists

This list will be supplemented as ongoing investigation continues.