**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAYSON BARBER, ET AL.,** | ) | **CASE NO. 1:25CV2060** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion for Judgment on the Pleadings by the Defendant United States of America on Count II of the Complaint. (ECF # 12).  For the following reasons, the Court grants the Motion.

On September 29, 2025, Plaintiff Jayson Barber and his wife Jacqueline filed their Complaint with this Court alleging Negligence and Loss of Consortium claims brought under the Federal Tort Claims Act ("FTCA").  Defendant United States of America  moves for judgment on the pleadings on Jacqueline's Loss of Consortium claim, contending that she failed to exhaust her administrative remedies by failing to file an administrative claim.  Plaintiffs respond that the allegations in Jayson's administrative claim were sufficient to put the United States on notice of Jacqueline's claim as loss of consortium is a derivative claim to the underlying injury claim of Jayson.

**Background Facts**

According to the Complaint, Plaintiff Jayson Barber was driving a truck for Thurman Trucking that was delivering mail to Defendant's Orange Avenue postal facility.  A post office

supervisor was driving a forklift which he used to unload the mail in Barber's truck. Barber was standing nearby on the loading dock when the supervisor backed the forklift into Barber, crushing him against a metal cage causing severe injuries to Barber, including to his lumbar spine. Plaintiffs bring a Negligence claim and Loss of Consortium claim against Defendant seeking $5,000,000.

## LAW AND ANALYSIS

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same legal standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *Almendares v. Palmer,* 284 F.Supp.2d 799, 802 (N.D. Ohio 2003). Therefore, as with a motion to dismiss, the Court must test the sufficiency of the complaint and determine whether "accepting the allegations in the complaint as true and construing them liberally in favor of the plaintiff, the complaint fails to allege 'enough facts to state a claim for relief that is plausible on its face.' " *Ashmus v. Bay Vill. Sch. Dist. Bd. of Educ.,* 2007 WL 2446740, 2007 U.S. Dist. LEXIS 62208 (N.D. Ohio 2007), quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Claims alleged in the complaint must be "plausible," not merely "conceivable." *Id.* Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n,* 946 F.2d 1233, 1235 (6th Cir. 1991) (emphasis added). A written instrument attached to a pleading is a part of

the pleading for all purposes. Fed. R. Civ. P. 10(c).  "In addition, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007).

**FTCA and Exhaustion of Administrative Remedies**

"Sovereign immunity generally bars claims against the United States without its consent," but "Congress, through the FTCA, waived this governmental immunity for claims brought" for several types of actions. *Kohl v. United States,* 699 F.3d 935, 939 (6th Cir. 2012).  Congress established the jurisdiction of the federal courts over FTCA claims in 28 U.S.C. § 1346(b)(1)":

> Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 2675(a) establishes the FTCA's agency presentment requirement:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Section 2675(b) of the FTCA sets forth that a claimant cannot institute an action "for any

sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." "Thus, the requirement to present a sum certain claim first to the agency is mandatory." *Copen v. United States,* 3 F.4th 875, 879–80 (6th Cir. 2021).

In analyzing Section 2675, the Sixth Circuit has stated, "[t]he compulsory administrative claims procedure in the amended FTCA was established to reduce congestion of federal courts' dockets and to speed fair treatment of those asserting claims against the federal government." *Douglas v. United States,* 658 F.2d 445, 447 (6th Cir. 1981). "The purpose of the agency notice requirement is to give the agencies 'a fair opportunity to investigate and possibly settle the claim before the parties must assume the burden of costly and time-consuming litigation.'" *Copen v. United States,* 3 F.4th 875, 882 (6th Cir. 2021) quoting *McNeil v. United States,* 508 U.S. 106, 111-12, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

The Sixth Circuit in *Copen* cited to other circuit courts for the proposition that the FTCA compulsory administrative claim procedures were not intended "to place procedural hurdles before potential litigants" but rather "to facilitate early dispositions of claims." *Burchfield v. United States,* 168 F.3d 1252, 1255 (11th Cir. 1999) (citing *Lopez v. United States,* 758 F.2d 806, 809 (1st Cir. 1985). ("[I]ndividuals wishing to sue the government must comply with the details of [section 2675], but ... the law was not intended to put up a barrier of technicalities to defeat their claims.")).

In *Copen,* a father and daughter were injured when the car they were driving was struck by a U.S. Postal Service vehicle. The father was driving his daughter's vehicle at the time the

accident occurred. Only the daughter filed an administrative claim form SF-95. In her claim, she described that both she and her father were injured but provided no sum certain of her injuries. The district court found it lacked jurisdiction because the daughter failed to provide a sum certain on her claim form and because the father failed to file his own claim form.

The Sixth Circuit reversed in part the district court dismissal and remanded for further proceedings holding that the sum certain requirement on the claim form was mandatory but not jurisdictional. It further held that the father did not need to file a separate claim form so long as a filing with the appropriate agency provides sufficient information as to the identity of another claimant, the injuries suffered and a sum certain for a claimant's injuries. See *Copen*, 3 F.4th at 883-84. ("...[T]he SF 95 is not itself required to initiate an FTCA claim. The agency must be furnished with notice, which can come in a form other than the SF 95: "[i]f the claimant completes the SF95, he will satisfy [the FTCA's] requirements, though that particular form is not necessary for doing so." quoting *Glarner v. United States Dep't of Veterans Admin.,* 30 F.3d 697, 700 (6th Cir. 1994).

Defendant cites to *Metheney v. United States*, No. 16-cv-2398, 2017 WL 2105303 (N.D. Ohio May 12, 2017) wherein the district court dismissed a plaintiff's loss of consortium claim because plaintiffs conceded that the claimant's husband was "not even identified as Plaintiff['s] .... husband on the Standard Form 95," which was insufficient to put the Government on notice of his loss of consortium claim.

Here, Plaintiff Jayson Barber submitted an SF-95 that names himself as the claimant. No other claimant is listed in the claimant section. He identifies the date of the accident as March 22, 2021. The Basis of the Claim and Nature of the Personal Injury describe physical and mental

injuries to Jayson with crush injuries to his groin, stomach, back and spine.  It further describes that "claimant" also suffers from emotional distress and depression.  In the Amount of Claim section Jayson seeks $5,000,000 for personal injury.  He did not cite any additional dollar amount for any other injury or loss.

Attached to his SF-95 Jayson provided a "Narrative" of the accident and injuries resulting from the same.   He points the Court to portions of his Narrative that he asserts provided sufficient notice to the Defendant that his wife was also a claimant.  His narrative states, "His emotional distress is triggered by his chronic pain, financial difficulties and marital issues stemming from the subject incident." (ECF # 1-1 pg 1).  Jayson's Narrative further reads, "[c]laimant has difficulty with strenuous physical activities and needs assistance from his wife with activities of daily living including but not limited to bathing and putting on socks and shoes. (*Id* at pg. 2).  "His emotional distress, constant pain and need for assistance has resulted in significant marital stress."  (*Id.*).  His wife Jacqueline is identified in his Narrative as a witness to the incident.  (Id.).

The presentment requirement is not a high bar; "Section 2675(a) requires only 'minimal notice.' " *Knapp v. United States,* 844 F.2d 376, 379 (6th Cir. 1988) (quoting *Warren v. United States Dep't of the Interior,* 724 F.2d 776, 779 (9th Cir. 1984)).  "All the section requires is that the claimant '1) give written notice of a claim sufficient to enable the agency to investigate the claim and  2) place a value (or 'sum certain') on the claim.'" *Abbott v. United States,* 78 F.4th 887, 896–97 (6th Cir. 2023) quoting *Glarner v. United States*, 30 F.3d 697, 700 (6th Cir. 1994).  "A claim submitted to the proper administrative agency is considered sufficient to satisfy the exhaustion requirement if it is a 'written notification of an incident, accompanied by a claim for

money damages in a sum certain for injury to or loss of property, personal injury, or death.' "

*Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002)

The Sixth Circuit has held that "a claimant need not articulate the precise cause of action to satisfy the presentment requirement..." *Abbott*, 78 F.4th at 899. Moreover, Plaintiffs contend that since a loss of consortium claim is by nature derivative of the underlying injury claim, the facts as contained in the Narrative are more than sufficient to put Defendant on notice of Jacqueline's claim.

While the notice requirements are minimal, there is nothing in the SF-95 that would put the Defendant on notice that Jacqueline was asserting a claim. She is not named as a claimant anywhere in the SF-95 form or Narrative. The Narrative fails to describe any facts that put the Defendant on notice that Jacqueline suffered an injury. Instead, the portions of the Narrative cited by Jayson demonstrate injuries suffered by Jayson, not Jacqueline. Lastly, there is no sum certain for any injury suffered by Jacqueline.

In short, the Court holds that Jayson's SF-95, while sufficient to support his own claim, fails to provide sufficient notice to the Defendant of Jacqueline's Loss of Consortium claim. Therefore, the Court grants Defendant's Motion and dismisses the Loss of Consortium claim for failure to present the claim administratively as required by the FTCA.

**IT IS SO ORDERED.**

**DATE: June 24, 2026**          **s/Christopher A. Boyko**
                                   **CHRISTOPHER A. BOYKO**
                                   **United States District Judge**